## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*,[1] | Case No. 23-10699 (__) |
| Debtors. | Joint Administration Requested |

## DECLARATION OF KYLE STURGEON
## IN SUPPORT OF CHAPTER 11 PETITIONS

I, Kyle Sturgeon, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I am a Managing Partner of MERU, LLC, a turnaround firm I co-founded in 2017.

2. I have been retained as Chief Restructuring Officer ("CRO") of Agspring LLC, Agspring Idaho 1 LLC; Agspring Idaho LLC; FO-ND LLC, dba Firebrand Artisan Mills; Agspring Logistics LLC, dba Agforce and Agspring Idaho 2 LLC. I previously acted as CRO of their affiliated entities known as the Big River Entities, comprised of Agspring Mississippi Region, LLC ("AMR"), Agspring MS 1, LLC ("Agspring MS 1"), Agspring MS, LLC ("Agspring MS"), Lake Providence Grain and Rice LLC ("LPGR"), and Bayou Grain & Chemical Corporation ("BGCC") (collectively the "Big River Entities").[2]

3. I submit this declaration (the "Declaration") to provide the Court with background related to the Debtors in these concurrently filed chapter 11 cases (the "Cases").

4. Unless otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by service providers and former employees of the Debtors working under my direction or supervision, my discussions with the Debtors' directors, management or advisors, my discussions with other interested parties, or my opinion based upon experience, knowledge, and information concerning the Debtors and their business affairs. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2] The Big River Entities filed jointly administered chapter 11 cases in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on September 10, 2021, under Case No. 21-11238 (CTG) (the "Big River Chapter 11 Cases"). At the request of the Big River Entities, after successful resolution of all material disputes affecting their estates, the Bankruptcy Court entered the *Order Dismissing Chapter 11 Cases* on August 16, 2022. [D.I. 483] (the "Dismissal Order"). None of the Big River Entities are debtors in these Cases.

**I.     Background and Qualifications**

5.     I have seventeen years of operational experience leading complex transactions and advising on in and out-of-court restructurings for companies across industries, with a focus in retail and consumer, healthcare, and materials. I graduated from the University of Virginia in 2004, with a Bachelor's degree in economics. Prior to co-founding MERU, I was a Senior Vice President in the Recovery & Transformation Services group at McKinsey & Company from 2013 to 2017. Prior to that, I was a Director in the North American Corporate Restructuring Practice at Alvarez & Marsal from 2006 to 2013.

**II.    The Debtors' Corporate Structure**

6.     Agspring LLC ("Agspring") is a Delaware limited liability company and the sole managing member and sole interest holder of Agspring Logistics LLC, FO-ND, LLC and Agspring Idaho 1, LLC ("Idaho1"), each of which is a Delaware limited liability company. Agspring indirectly owns Agspring Idaho 2 LLC ("Idaho 2") and Agspring Idaho LLC, which are Delaware limited liability companies.

7.     Non-Debtor Agspring Holdco, LLC ("Holdco") is the sole member and managing member of Agspring. Attached hereto as Exhibit A is an organizational chart of the Agspring Companies.

**III.   The Debtors' Current Debt Structure**

8.     Agspring is the borrower under a Term Loan Agreement, dated December 14, 2015, between Agspring and LVS II SPE XVIII LLC ("LVS") and HVS V LLC ("HVS" and, together with LVS, the "Lenders"). AMR, BGCC, FO-ND LLC, Agspring, Agspring Logistics LLC and Agspring Idaho LLC each guaranteed the repayment of the Term Loan (the "Guarantors"). Each of the Guarantors also entered into a Security Agreement, pursuant to which it pledged its assets to secure the Term Loan obligations. The current outstanding balance under the Term Loan is $74,033,932.

**IV.    Historical Events Relevant to the Current Chapter 11 Cases**

9.     The Debtors and the Big River Entities were part of a larger agribusiness and logistics company formed in August 2012 with the express aim of acquiring, consolidating, and operating midstream agricultural commodity firms, including four agribusiness units: three business units focused on commodity purchasing and one providing logistics broker services.

10.    In 2015, the founders and equity sponsors of these agribusiness units sold them to American Infrastructure MLP Funds for $272 million (the "2015 Sale"). In connection with this 2015 Sale, Agspring and the Guarantors entered into the Term Loan described above.

11.    The Agspring Companies suffered significantly lower EBITDA in 2016 than forecasted during the 2015 Sale process, which resulted in Agspring's inability to service the significant debt load taken under the Term Loan to finance the 2015 Sale. The thin profit margins of the Agspring Companies, combined with their level of debt obligations (which were undertaken based on representations as to the financial performance by their former owners), made the

2

continued successful operation of the Debtors unsustainable, and the Lenders declared the Term Loan in default.

12. In 2019, Agspring and its sole member, Holdco, commenced litigation (the "Litigation") in Delaware Chancery Court against the founders of the Agspring businesses, Brad Clark ("Clark") and Randal Linville ("Linville") and former equity owner NGP X US Holdings LP ("NGP"). The Complaint filed in the Litigation asserts breach of fiduciary duty and fraud-related claims stemming from representations made by NGP, Clark and Linville as to the finances of the Agspring Companies and projected EBITDA in connection with the 2015 Sale. As more fully described below, the Litigation is currently stayed, pursuant to a Delaware Chancery Court Order, pending the payment of an advancement judgment for defense costs to defendant NGP by Agspring.

13. While the Litigation was pending in the Delaware Chancery Court, the Agspring Companies continued to incur losses from their operations and determined to commence the marketing and sale of their assets. In early 2021, the Agspring Companies engaged an investment banker to market the assets of the Big River Entities. For a variety of reasons, an acceptable offer did not materialize and on September 10, 2021, the Big River Entities commenced the Big River Chapter 11 Cases.

14. In the Big River Chapter 11 Cases, the Big River Entities effectuated settlements with their major creditors and concluded an orderly sale process and the consensual distribution of the sale proceeds. By virtue of the Dismissal Order, the Bankruptcy Court provided authority to management to dissolve the Big River Entities under applicable law. As a result, none of the Big River Entities are Debtors in these Cases.

15. The Debtors have no ongoing operations and currently have only part time independent contractors providing services to them via an Intercompany Services Agreement.

**V.    Events Leading to these Chapter 11 Cases**

16. As noted above, Agspring is a Plaintiff in the Litigation, which alleged fraud and breach of fiduciary duty against NGP and certain of Agspring's former officers and directors relating to the 2015 Sale. In response, NGP commenced an arbitration proceeding against Agspring seeking the advancement of litigation defense costs. NGP successfully claimed, over Agspring's opposition, that its entitlement to advancement of defense costs was based on an agreement that predated the 2015 Sale.

17. As a result of an arbitration award in favor of NGP and subsequent appeals, including a December 2, 2022 decision by the Delaware Supreme Court upholding the arbitration award, Agspring became liable to NGP on a judgment in the amount of $6,750,000 for the advancement of litigation costs (the "Advancement").

18. Currently the Litigation is stayed by order of the Delaware Court of Chancery, until such time as Agspring can satisfy the Advancement. However, NGP filed a new action in Delaware Superior Court against Agspring based on the Advancement and commenced discovery. Agspring responded to interrogatories and produced documents consistent with its limited resources. Agspring also informed NGP prior to commencement of discovery of its inability to satisfy the Advancement. However, NGP is seeking further discovery and has also noticed a

deposition. Costs of NGP's counsel relating to this discovery are added to the Advancement amount by NGP, and the amount of the Advancement continues to increase.

19. Agspring has approximately $2 million in an account at Wells Fargo Bank that are reserves relating to the 2015 Sale (the "Escrow"). Agspring asserts it is entitled to the Escrow funds; however, NGP, Linville, Brad Clark, Chris Stratton and Dusty Clevenger, who were management investors in the Agspring businesses at the time of the 2015 Sale, have also asserted claims in the Escrow and each is currently party to the Escrow.

20. The Debtors' immediate goals are to preserve their remaining assets and to effectuate an orderly liquidation.

21. The Debtors anticipate seeking entry of an order directing: (a) the joint administration of these chapter 11 cases; (b) the use of a single case docket and Bankruptcy Rule 2002 notice list; and (c) the use of a consolidated case caption. I understand from counsel that Bankruptcy Rule 1015(b) provides that the court may order a joint administration of estates where, as here, two or more petitions are pending in the same court by a debtor and an affiliate.

22. I believe joint administration will benefit the Debtors, the Court, the Office of the Clerk, the Office of the United States Trustee (the "U.S. Trustee"), and all other interested parties. Using a single, general case docket will relieve all parties—including the Court—of the burden and related expense of filing and entering duplicative documents in each of these chapter 11 cases and monitoring multiple dockets to stay apprised of developments in these cases before the Court. Joint administration will simplify all aspects of the administration of the above-captioned cases and result in cost savings to the Debtors and other parties in interest.

23. The Debtors do not have an immediate need for use of cash but do anticipate filing in due course (i) a motion requesting the Court's authority to use cash collateral to fund post-petition expenses in the ordinary course, and a (ii) cash management motion.

Dated: May 31, 2023

> */s/ Kyle Sturgeon*
> Kyle Sturgeon