**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>AGSPRING LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 23-10699 (CTG)<br>(Jointly Administered) |

**GLOBAL NOTES AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Agspring, LLC and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, (the "Debtors") have each filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

Kyle Sturgeon has signed each set of the Schedules and Statements. Mr. Sturgeon serves as the Chief Restructuring Officer of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Sturgeon has necessarily relied upon the efforts, statements, and representations of various third parties involved in the Debtors' operations, including personnel from the Debtors' shared services provider and the Debtors' other professionals. Mr. Sturgeon has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1, LLC (1720); Agspring Idaho 2, LLC (9262); Agspring Idaho, LLC (8754); FO-ND, LLC dba Firebrand Artisan Mills (1520) and Agspring Logistics, LLC, dba Agforce (6067). The Debtors' mailing address is 5101 College Boulevard, Leawood KS, 66211

the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors or their officers, employees, agents, or professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their officers, employees, agents, attorneys, or their professionals are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1.    **Description of Cases**. Information regarding the cases may be found in the Declaration of Kyle Sturgeon in support of Petitions.   [Docket No. 3]. Mr. Surgeon is  the Chief Restructuring Officer assisting  the Debtors in their immediate goals of preserving their remaining assets and effectuating an orderly liquidation. On May 31, 2023, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.. On June 2, 2023, an order was entered directing joint administration of these chapter 11 cases [Docket No. 8]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the Petition Date.

2.    **Global Notes Control**. These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3.    **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a.    **No Admission**. Nothing contained in the Schedules and Statements is intended or

should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b.     **Recharacterization**. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.     **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

d.     **Claims Description**. Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e.     **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the Petition Date, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

f.     **Intellectual Property Rights**. Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have

not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

g.   **Insiders**. The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

In the circumstance where the Schedules and Statements require information regarding "insiders", the Debtors have included information with respect to the individuals or entities who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

4.   **Methodology**.

a.   **Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis except as noted on the applicable Schedules/Statements or herein.

c.   **Net Book Value**. In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect estimates of net book values as of the Petition Date. Market values may vary, at some times materially, from net book values. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain the current market values of all their property. Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined. Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, or adjust the asset values set forth herein. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. **Property and Equipment**. Unless otherwise indicated, owned property and equipment are valued at net book value, net of

4

accumulated depreciation and other adjustments.

**d.**     **Undetermined Amounts**. The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

**e.**     **Unliquidated Amounts**. Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

**f.**     **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

**g.**     **Intercompany claims**. The listing of any amounts with respect to intercompany receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

**h.**     **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedule G with respect to leases and Schedule D with respect to credit agreements for the affected Debtor or Debtors and are reflected in Schedule H. The Debtors reserve their rights to amend the Schedules and Statements if additional guarantees are identified.

**i.**     **Liens**. The property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

**j.**     **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

5.     **Specific Schedules Disclosures**.

**a.**     **Schedule A/B, Part 4 - Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

**b.**     **Schedule A/B, Part 7 - Office Furniture, Fixtures, and Equipment; and Collectibles**. Dollar amounts are presented net of accumulated depreciation and other adjustments.

**d.**     **Schedule A/B, Part 9 – Real Property**. The Debtors do not own any real property. **Schedule D - Creditors Who Have Claims Secured by Property**. Although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The Debtors further reserve their rights to dispute or challenge the validity, perfection,

5

or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

e.    **Schedule E/F - Creditors Who Have Unsecured Claims.**

*Part 2 - Creditors with Nonpriority Unsecured Claims*. The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2 reflects liabilities based on the Debtors' books and records.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "unknown" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

f.    **Schedule G - Executory Contracts and Unexpired Leases**. While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve allof their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements, amendments, and letter agreement, which documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any

6

transaction or any document or instrument related to a creditor's claim.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedule H only.

6.      **Specific Statements Disclosures.**

a.      **Statements, Part 13, Question 25 – Other businesses in which the debtor has or had an interest.** The Debtors believe that they have provided a complete list disclosing its ownership before the filing of these cases.

7

**Fill in this information to identify the case:**

Debtor name ___Agspring, LLC___

United States Bankruptcy Court for the: _____ District of __DE__
(State)

Case number (If known): ___23-10699___

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---------|--------|

**1. Gross revenue from business**

☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ to    Filing date<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For prior year: | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For the year before that: | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ to    Filing date<br>MM / DD / YYYY | _____ | $ _____ |
| For prior year: | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | _____ | $ _____ |
| For the year before that: | From _____ to _____<br>MM / DD / YYYY    MM / DD / YYYY | _____ | $ _____ |


American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Agspring, LLC
_____
Name

Case number *(if known)*    23-10699
_____

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

**3.   Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | _____<br>Creditor's name<br>_____<br>Street<br>_____<br>_____<br>City        State        ZIP Code | _____ <br><br>_____ <br><br>_____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br><br>☐ Other _____ |
| 3.2. | _____<br>Creditor's name<br>_____<br>Street<br>_____<br>_____<br>City        State        ZIP Code | _____ <br><br>_____ <br><br>_____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br><br>☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See SOFA 4 Attachment<br>_____<br>Insider's name<br>_____<br>Street<br>_____<br>_____<br>City        State        ZIP Code<br><br>**Relationship to debtor**<br>_____ | _____ <br><br>_____ <br><br>_____ | $ _____ | _____<br><br>_____<br><br>_____ |
| 4.2. | _____<br>Insider's name<br>_____<br>Street<br>_____<br>_____<br>City        State        ZIP Code<br><br>**Relationship to debtor**<br>_____ | _____ <br><br>_____ <br><br>_____ | $ _____ | _____<br><br>_____<br><br>_____ |

American LegalNet, Inc.<br>www.FormsWorkFlow.com

Debtor    Agspring, LLC
_____    Case number *(if known)*  23-10699
Name

---

**5.  Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | |
| Creditor's name | | | $ _____ |
| Street | | | |
| City          State          ZIP Code | | | |
| 5.2. | | | |
| Creditor's name | | | $ _____ |
| Street | | | |
| City          State          ZIP Code | | | |

**6.  Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | | $ _____ |
| Street | | | |
| City          State          ZIP Code | Last 4 digits of account number: XXXX– _____ | | |

---

**Part 3:    Legal Actions or Assignments**

**7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.  See SOFA 7 Attachment | | | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City          State          ZIP Code | |
| Case title | | Court or agency's name and address | |
| 7.2. | | | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City          State          ZIP Code | |

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Agspring, LLC
_____
Name

Case number (*if known*)    23-10699
_____

**8.  Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ _____ |
| Custodian's name | Case title | Court name and address |
| Street | | Name |
| | Case number | Street |
| City          State          ZIP Code | | City          State          ZIP Code |
| | Date of order or assignment | |

**Part 4:    Certain Gifts and Charitable Contributions**

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. Recipient's name | | | $ _____ |
| Street | | | |
| City          State          ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| 9.2. Recipient's name | | | $ _____ |
| Street | | | |
| City          State          ZIP Code | | | |
| Recipient's relationship to debtor | | | |

**Part 5:    Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| | | | $ _____ |


American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Agspring, LLC
_____
Name                          Case number (*if known*)  23-10699

---

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $ _____ |
| | **Address** | | | |
| | _____ Street | _____ | | |
| | _____ City          State          ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $ _____ |
| | **Address** | | | |
| | _____ Street | _____ | | |
| | _____ City          State          ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| | _____ | _____ | _____ | $ _____ |
| | **Trustee** | | | |
| | _____ | _____ | | |

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor  Agspring, LLC
_____
Name

Case number (*if known*)  23-10699
_____

**13. Transfers not already listed on this statement**

List any transfers of money or other property–by sale, trade, or any other means–made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $ _____ |
| | **Address** | _____ | | |
| | _____ Street | | | |
| | _____ City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

| | Who received transfer? | | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.2. | _____ | _____ | _____ | $ _____ |
| | **Address** | | | |
| | _____ Street | | | |
| | _____ City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

| **Part 7:** | **Previous Locations** |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | _____ Street | From _____  To _____ |
| | _____ City          State     ZIP Code | |
| 14.2. | _____ Street | From _____  To _____ |
| | _____ City          State     ZIP Code | |


American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Agspring, LLC
              _____
              Name

Case number (*if known*)  23-10699
              _____

---

| **Part 8:** | **Health Care Bankruptcies** |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

– diagnosing or treating injury, deformity, or disease, or
– providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____<br>Facility name<br><br>_____<br>Street<br><br>_____<br>City        State      ZIP Code | _____<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider.<br><br>_____<br>_____ | _____<br><br>**How are records kept?**<br><br>*Check all that apply:*<br><br>☐ Electronically<br>☐ Paper |
| 15.2. _____<br>Facility name<br><br>_____<br>Street<br><br>_____<br>City        State      ZIP Code | _____<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider.<br><br>_____<br>_____ | _____<br><br>**How are records kept?**<br><br>*Check all that apply:*<br><br>☐ Electronically<br>☐ Paper |

---

| **Part 9:** | **Personally Identifiable Information** |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.
☐ Yes. State the nature of the information collected and retained. _____
         Does the debtor have a privacy policy about that information?

         ☐ No
         ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
   Yes. Does the debtor serve as plan administrator?

         ☒ No. Go to Part 10.
         ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ – _____ |

         Has the plan been terminated?

         ☐ No
         ☐ Yes

---

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Agspring, LLC
_____
Name

Case number (if known)   23-10699
_____

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Name / Street / City State ZIP Code | XXXX– _____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |
| 18.2. | Name / Street / City State ZIP Code | XXXX– _____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name / Street / City State ZIP Code | Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name / Street / City State ZIP Code | Address | | ☐ No<br>☐ Yes |



American LegalNet, Inc.<br>www.FormsWorkFlow.com

Debtor  Agspring, LLC
_____
Name

Case number *(if known)* 23-10699
_____

| Part 11: | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| Name | | | $ |
| Street | | | |
| City      State      ZIP Code | | | |

| Part 12: | **Details About Environmental Information** |

For the purpose of Part 12, the following definitions apply:

■ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| Case number | Name | | ☐ Pending ☐ On appeal ☐ Concluded |
| | Street | | |
| | City      State      ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City      State      ZIP Code | City      State      ZIP Code | | |

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Agspring, LLC
          _____                    Case number *(if known)*  23-10699
          Name                                                                                  _____

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Name | Name | | _____ |
| Street | Street | | |
| City          State     ZIP Code | City          State     ZIP Code | | |

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | See SOFA 25 Attachment
Name

Street

City          State     ZIP Code | _____

_____ | EIN: _____ - _____
Dates business existed

From _____   To _____ |
| 25.2. | Business name and address

Name

Street

City          State     ZIP Code | Describe the nature of the business

_____

_____ | Employer Identification number
Do not include Social Security number or ITIN.
EIN: _____ - _____
Dates business existed

From _____   To _____ |
| 25.3. | Business name and address

Name

Street

City          State     ZIP Code | Describe the nature of the business

_____

_____ | Employer Identification number
Do not include Social Security number or ITIN.
EIN: _____ - _____
Dates business existed

From _____   To _____ |

---


American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor   Agspring, LLC
_____
Name

Case number *(if known)*   23-10699
_____

---

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. Bruce Chapin<br>Name<br>5101 College Boulevard<br>Street<br><br>Leawood,            KS            66211<br>City                State        ZIP Code | From _____  To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2. _____<br>Name<br>_____<br>Street<br>_____<br>City            State        ZIP Code | From _____  To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. CBIZ, MHM LLC (Tax)<br>Name<br>700 West 47th Street<br>Street<br>Suite 1100<br>Kansas City,            MO            64112<br>City                State        ZIP Code | From 09/10/19  To Present |

| Name and address | Dates of service |
|---|---|
| 26b.2. _____<br>Name<br>_____<br>Street<br>_____<br>City            State        ZIP Code | From _____  To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☒ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. See SOFA 26c Attachment<br>Name<br>_____<br>Street<br>_____<br>City            State        ZIP Code | _____<br>_____<br>_____ |

---


American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Agspring, LLC
_____
Name

Case number *(if known)*  23-10699
_____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | |
| Street | |
| City            State            ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

| Name and address |
|---|
| 26d.1. |
| Name |
| Street |
| City            State            ZIP Code |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| City            State            ZIP Code |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| City            State            ZIP Code |



American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Agspring, LLC
          _____          Case number *(if known)*  23-10699
          Name                                                                _____

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |
| **Name and address of the person who has possession of inventory records** | | |

27.2.  _____
       Name

       _____
       Street

       _____
       City                  State              ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Agspring Holdco, LLC | 5101 College Boulevard Leawood, KS 66211 | Holding | 100% ownership interest |
| Kyle Sturgeon | 1175 Peachtree St., NE Suite 1000 Atlanta, GA 30309 | Chief Restructuring Officer | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. _____ Name | _____ | _____ | |
| _____ Street | | _____ | |



City                          State          ZIP Code

**Relationship to debtor**

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor    Agspring, LLC
_____    Case number *(if known)*  23-10699
       Name

| | Name and address of recipient | | | | |
|---|---|---|---|---|---|
| 30.2 | | | | | |
| | Name | | | | |
| | Street | | | | |
| | City                    State          ZIP Code | | | | |
| | Relationship to debtor | | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Agspring Holdco, LLC, | EIN: _____ – 3178 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: _____ – _____ |

## Part 14:    Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/30/2023
         MM / DD / YYYY

✖ /s/ Kyle Sturgeon
_____    Printed name  Kyle Sturgeon
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☒ Yes


American LegalNet, Inc.
www.FormsWorkFlow.com

**In re: Agspring, LLC**
**Case No. 23-10699**

SOFA – Attachment 4
Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Firm/Individual | Address | City | State | Zip | Who made the payment if not debtor | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|---|---|---|---|
| US Bank National Association | 214 N. Tryon Street Suite 1100 | Irving | TX | 75039 | | | 05/23/2022 | $1,500,000.00 |
| US Bank National Association | 214 N. Tryon Street Suite 1100 | Irving | TX | 75039 | | | 05/23/2022 | $300,000.00 |
| Lenders | | | | | | | 08/25/2022 | $2,000,000.00 |
| Eric Knight (Director) | | | | | | | 05/19/2023 | $12,500.00 |
| Gerald Tywonuk (Director) | | | | | | | 05/19/2023 | $12,500.00 |

**In Re: Agspring, LLC**
**Case No. 23 −10699**

SOFA Attachment 7
Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case No. | Nature of the Case | Venue | Court Address | Court City | Court State | Court Zip | Status of Case |
|---|---|---|---|---|---|---|---|---|
| Agspring, LLC, V NGP X US Holdings, L.P. | N22J-02924 | Judgment Enforcement | Superior Court of The State of Delaware | 500 North King Street | Wilmington | DE | 19801 | Stayed |
| Bradley K. Clark et. al., V. Agspring LLC | 19cv00248 | Tortious Interference with Contact; breach of contract; fraud | In The Tenth Judicial District Court of Johnson County, Kansas Civil Department<br><br>Division: 4 K.S.A. Chapter 60 | 150 W Santa Fe | St. Olathe | KS | 66061 | Action Dismissed. Plaintiffs Motion for Reconsideration Stayed |
| Agspring LLC et. al. v. NGP Holdings, et.al. | 2018-0567 AGB | Fraud in the Inducement; breach of fiduciary duty | In The Court of Chancery of The State of Delaware | 500 North King Street | Wilmington | DE | 19801 | Stayed |
| Agspring LLC et. al. v. NGP Holdings, et.al. | 75, 2022<br><br>C.A. No. 2019-1021 | Appeal | In the Supreme Court of Delaware | 55 The Green | Dover | DE | 19901 | Concluded |

**In re: Agspring, LLC**
**Case No. 23-10699**

SOFA – Attachment 11

Payments related to bankruptcy

| Firm/Individual | Address | City | State | Zip | Who made the payment if not debtor | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|---|---|---|---|
| Dentons US LLP | 601 S Figueroa St # 2500 | Los Angeles | CA | 90017 | | | 05/19/2023 | $358,072.06 |
| MERU, LLC | 1175 Peachtree St., N.E. Suite 100 | Atlanta | GA | 30309 | | | 05/19/2023 05/30/2023 | 125,000.00 |
| Pachulski Stang Ziehl & Jones LLP | 919 North Market Street 17th Floor | Wilmington | DE | 19899 | | | 05/05/2023 05/19/2023 | $159,435.77 |

**In re: Agspring, LLC**
**Case No. 23-10699**

SOFA - Attachment 25
Other business in which the debtor has or has had an interest

| Business Name and Address | Describe the nature of the business | Employer Identification Number |
|---|---|---|
| Agspring Idaho 1, LLC<br>101 College Boulevard<br>Leawood KS66211 | Member | 83-2851720 |
| Agspring Logistics, LLC dba Agforce<br>101 College Boulevard<br>Leawood KS66211 | Member | 38-3956067 |
| FO-ND, LLC dba Firebird<br>Artisan Mills, LLC<br>101 College Boulevard<br>Leawood KS66211 | Member | 61-1731520 |
| Agspring Mississippi Region, LLC<br>101 College Boulevard<br>Leawood KS66211 | Member | 32-0409147 |

**In re: Agspring, LLC**
**Case No. 23-10699**

SOFA - Attachment 26c
List all firms or individuals who were in possession of the debtor's books of accounts when this case is filed

| Firm/Individual | Address 1 | City | State | Zip | If any books of account and records are unavailable, explain why |
|---|---|---|---|---|---|
| Bruce Chapin | 5101 College Boulevard | Leawood | KS | 66211 | |
| Sam Hawkins | | | | | |
| Paul Highstrom | | | | | |