# **Exhibit 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*,[1] | Case No. 23-10699 (CTG) |
| Debtors. | Jointly Administered |

## DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases file this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the Debtors, effective as of the Petition Date (defined below).  In support of the Application, the Debtors rely on:  (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, attached hereto as **Exhibit B** (the "Rule 2016 Statement"); and (ii) the *Declaration of Laura Davis Jones in Support of Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

*as of the Petition Date*, attached hereto as **Exhibit C** (the "Jones Declaration"); which are being submitted concurrently with this Application.   In support of this Application, the Debtors respectfully state the following:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## Background

4.      On May 31, 2023 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No request has been made for the appointment of a trustee or examiner and a creditors'

committee has not been appointed in these cases.

5.     Additional information regarding the Debtors' operations, structure, liabilities,

and the events leading up to the commencement of these cases is set forth in the *Declaration of*

*Kyle Sturgeon in Support of Chapter 11 Petitions* [Docket No. 3], which is incorporated herein

by reference.

<u>**Relief Requested**</u>

6.     By this Application, the Debtors seek to employ and retain PSZ&J as their

restructuring co-counsel with regard to the filing and prosecution of these Cases and all related

proceedings.   Accordingly, the Debtors respectfully request that this Court enter the Order

pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local

Rule 2014-1 authorizing them to employ and retain PSZ&J as their bankruptcy co-counsel to

perform the legal services that will be necessary during these Cases pursuant to the terms set

forth in the Application and the Jones Declaration effective as of the Petition Date.

<u>**PSZ&J's Qualifications**</u>

7.     The Debtors seek to retain PSZ&J as co-counsel because of the Firm's extensive

experience and knowledge in the field of debtors' and creditors' rights and business

reorganizations under chapter 11 of the Bankruptcy Code.   In preparing for their representation

of the Debtors in these cases, PSZ&J has become familiar with the Debtors' affairs and many of

the potential legal issues which may arise in the context of these Cases.

8.      The professional services that PSZ&J will provide include, but shall not be limited to:

a.      providing legal advice regarding local rules, practices, and procedures;

b.      reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

c.      filing documents as requested by co-counsel, Dentons US LLP ("Dentons");

d.      preparing agenda letters, certificates of no objection, certifications of counsel, and notices of fee applications and hearings;

e.      preparing hearing binders of documents and pleadings, printing of documents and pleadings for hearings;

f.      appearing in Court and at any meeting of creditors on behalf of the Debtors in its capacity as co-counsel with Dentons;

g.      monitoring the docket for filings and coordinating with Dentons on pending matters that need responses;

h.      preparing and maintaining critical dates memorandum to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with same; distributing critical dates memorandum with Dentons for review and any necessary coordination for pending matters;

i.      handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these Cases, and, to the extent required, coordinating with Dentons on any necessary responses; and

j.      providing additional administrative support to Dentons, as requested.

9.      Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.  The current standard hourly rates of attorneys and paralegals from PSZ&J are as follows:

| | | |
|---|---|---|
| a. | Partners | $995.00 to $1,995.00 per hour |
| b. | Counsel | $875.00 to $1,525.00 per hour |
| c. | Associates | $725.00 to $895.00 per hour |
| d. | Paralegals | $495.00 to $545.00 per hour |

10.     The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions.  Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with the clients' cases.  These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court.  PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

11.     To the best of the Debtors' knowledge, except as otherwise disclosed in the Jones Declaration submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.  Further, to the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

12.     PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $150,000, in connection with its prepetition representation of the Debtors.  PSZ&J is current as of the Petition Date but has not yet completed a final reconciliation of its prepetition fees and expenses.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

13.     The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after the Petition Date.

14.     The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, propose to pay PSZ&J its customary

hourly rates for services rendered that are in effect from time to time, as set forth above and in the Jones Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

### Notice

15.    The Debtors will provide notice of this Application to: (i) the U.S. Trustee; (ii) holders of the twenty (20) largest unsecured claims against the Debtors; and (iii) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

### No Prior Request

16.    No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE,  the  Debtors  respectfully  request  that  the  Court  enter  the  Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and granting such other and further relief as is just and proper.

Dated:  June 30, 2023                                Respectfully submitted,

Agspring, LLC, *et al*.,
Debtors and Debtors in Possession

*/s/  Kyle Sturgeon*
Kyle Sturgeon
Chief Restructuring Officer

## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*,[1] | Case No. 23-10699 (CTG) |
| Debtors. | Jointly Administered |
| | **Ref Docket No. __** |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the Debtors; and upon (i) the Rule 2016 Statement and (ii) the Jones Declaration, which were submitted concurrently with the Application; and the Court being satisfied, based on the representations made in the Application, the Rule 2016 Statement and the Jones Declaration that PSZ&J does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of PSZ&J is necessary and in the best interests of the Debtors and the Debtors' estates; and that the district court has jurisdiction over the Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2]  Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain the Firm as co-counsel, effective as of the Petition Date, on the terms set forth in the Application, the Rule 2016 Statement and the Jones Declaration.

3. The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**<u>Exhibit B</u>**

**Rule 2016 Statement**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*,[1] | Case No. 23-10699 (CTG) |
| Debtors. | Jointly Administered |

## STATEMENT UNDER RULE 2016 OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), pursuant to Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 329 of chapter 11 of title

11 of the United States Code (the "Bankruptcy Code"), states that the undersigned is proposed

co-counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors")

in these cases.  It further states:[2]

1.      The Debtors have agreed to pay PSZ&J for the legal services that have been or

will be rendered by its various attorneys, paralegals, and case management assistants in

connection with these cases on the Debtors' behalf.  The Debtors have also agreed to reimburse

PSZ&J for its actual and necessary expenses incurred in connection with these cases.  PSZ&J has

received payments from the Debtors during the year prior to the Petition Date in the amount of

$150,000 in connection with the preparation of initial documents and its prepetition

representation of the Debtors.  PSZ&J is current as of the Petition Date but has not yet completed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the *Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date* (the "Application").

a final reconciliation as of the Petition Date.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

2.     PSZ&J will seek approval for payment of compensation by filing the appropriate applications for allowance of final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.  The filing fees for the Debtors have been paid in full.

3.     The services to be rendered include all those services set forth in the Application, submitted concurrently herewith.

4.     PSZ&J further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel, and associates of PSZ&J, or (b) any compensation another person or party has received or may have received.

Dated:  June 30, 2023                          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:         ljones@pszjlaw.com

*Proposed Co-Counsel to*
*Debtors and Debtors in Possession*

**<u>Exhibit C</u>**

**Jones Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*,[1] | Case No. 23-10699 (CTG) |
| Debtors. | Jointly Administered |

## DECLARATION OF LAURA DAVIS JONES IN SUPPORT OF DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

I, LAURA DAVIS JONES, ESQUIRE, declare under penalty of perjury as follows:

1.  I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), located at 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, and have been duly admitted to practice law in the State of Delaware, the United States District Court for the District of Delaware, the United States Court of Appeals for the Third Circuit, and the United States Supreme Court.  This Declaration is submitted in support of the *Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date* (the "Application"), which is being submitted concurrently herewith.[2]

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2]  Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

2.      Neither I, the Firm, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest herein, or their respective attorneys, except as set forth below.

3.      The Debtors have and will retain various professionals during the pendency of these cases, including Dentons US LLP ("Dentons").  The Debtors may retain other professionals after the date hereof.  PSZ&J has previously worked and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

4.      PSZ&J represents many committees whose members may be creditors in the Debtors' chapter 11 cases.  However, PSZ&J is not representing any of those entities in these cases and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtors.

5.      PSZ&J is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that PSZ&J, its partners, of counsel, and associates:

  a.      are not creditors, equity security holders, or insiders of the Debtors;

  b.      are not and were not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

  c.      do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6.      To the best of my knowledge, neither I, nor any partner or associate of PSZJ, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person

2

employed in the Office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

7.      PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $150,000 in connection with the preparation of initial documents and the prepetition representation of the Debtors.  PSZ&J is current as of the Petition Date but has not yet completed a final reconciliation as of the Petition Date.  Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

8.      Bankruptcy Rule 2014 requires that an application for employment under section 327 disclose all connections with the Debtors, the estates, the professionals, and the Office of the Trustee.  PSZ&J and certain of its partners, of counsel, and associates may have in the past represented, and may currently represent and likely in the future will represent, creditors of the Debtors in connection with matters unrelated to the Debtors and these Chapter 11 Cases.  At this time, PSZ&J is not aware of any other adverse interest or other connection with the Debtors, their creditors, the Bankruptcy Court, the U.S. Trustee, or any party-in-interest herein in the matters upon which PSZ&J is to be retained, except as otherwise disclosed herein.  PSZ&J, however, will be in a better position to identify with specificity any such persons or entities when lists of all creditors of the Debtors have been reviewed and will make any further disclosures as may be appropriate at that time.

3

9.     PSZ&J intends to apply for compensation for professional services rendered in connection with these Cases, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.   The principal attorneys and paralegals designated to represent the Debtors and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Partners | $995 to $1,995 |
| b. | Of Counsel | $875 to $1,525 |
| c. | Associates | $775 to $895 |
| d. | Paraprofessionals | $495 to $545 |

10.    Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters described herein.

11.    The hourly rates set forth above are the Firm's standard hourly rates for work of this nature and are subject to periodic adjustment.   These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.   It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.   The expenses charged to clients include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as

4

secretarial and other overtime.  The Firm will charge the Debtors for these expenses in a manner

and at rates consistent with charges made generally to the Firm's other clients and in compliance

with this Court's rules.  The Firm believes that it is fairer to charge these expenses to the clients

incurring them than to increase the hourly rates and spread the expenses among all clients.

12.   No promises have been received by the Firm or by any partner, of counsel or

associate thereof as to compensation in connection with these cases other than in accordance

with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to

share with such entity any compensation received by the Firm in connection with these Cases,

except among the partners, of counsel, and associates of the Firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated:  June 30, 2023                                    */s/ Laura Davis Jones*
                                                        Laura Davis Jones