**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*,[1] | Case No. 23-bk-10699 (CTG) |
| Debtors. | Jointly Administered |

**APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN DENTONS US LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") hereby seek entry of an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to retain and employ Dentons US LLP ("Dentons US" or the "Firm") as counsel for the Debtors effective as of the Petition Date (the "Application"). In support of the Application, the Debtors rely on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, (ii) the *Declaration of Samuel R. Maizel in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Dentons US as Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Maizel Declaration"), and (iii) the *Declaration of Kyle Sturgeon in*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

*Support of Chapter 11 Petitions* (the "Sturgeon Declaration") [Docket No. 3]. In support of this Application, the Debtors respectfully state the following:

## **Jurisdiction**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## **Background**

4. Agspring, LLC is a Delaware limited liability company and the sole managing member and sole interest holder of Agspring Logistics LLC, FO-ND, LLC and Agspring Idaho 1, LLC ("Idaho 1"), each of which is a Delaware limited liability company. Agspring, LLC indirectly owns Agspring Idaho 2 LLC ("Idaho 2") and Agspring Idaho LLC, which also are Delaware limited liability companies. Non-Debtor Agspring Holdco, LLC ("Holdco") is the sole member and managing member of Agspring.

5. On May 31, 2023 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have

continued in the possession of their property and have continued to manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

6. Additional information regarding the Debtors, their business structure and the events leading to their chapter 11 filings is provided in the Sturgeon Declaration, which is incorporated herein by reference.

**Relief Requested**

7. By this Application, the Debtors seek to employ and retain Dentons US as their bankruptcy counsel in these chapter 11 cases and all proceedings relating thereto. Accordingly, the Debtors respectfully request that this Court enter an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the Debtors to employ and retain Dentons US as its bankruptcy counsel under a general retainer to perform the legal services that will be necessary during these chapter 11 cases pursuant to the terms set forth in the Application, the Maizel Declaration and the Sturgeon Declaration, effective as of the Petition Date, and that certain agreement (the "Engagement Agreement") between the Debtors and Dentons US dated May 11, 2023.

8. The Debtors seek to retain Dentons US as counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. In preparing for the Firm's representation of the Debtors in these cases, Dentons US has become familiar with the Debtors' affairs and many of the potential legal issues which may arise in the context of these chapter 11 cases.

9. The professional services that Dentons US will provide include, but shall not be limited to:

a. Providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their property;

b. Advising the Debtors with respect to their powers and duties as debtors and debtors-in-possession in the continued management of their businesses and property;

c. Attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

d. Taking necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtors may be involved and objections to claims filed against the estate;

e. Reviewing and preparing on behalf of the Debtors all documents and agreements as they become necessary and desirable;

f. Reviewing and preparing on behalf of the Debtors all motions, administrative and procedural applications, answers, orders, reports and papers necessary to the administration of the estate;

g. Advising the Debtors in connection with distribution or disposition of assets;

h. Negotiating and preparing on the Debtors behalf any chapter 11 plan, disclosure statement and all related agreements and/or documents and take any necessary action on behalf of the Debtors to obtain confirmation of such plan;

i. Reviewing and objecting to claims;

j. Analyzing, recommending, preparing, and bringing any causes of action created under the Bankruptcy Code;

k. Appearing before this Court, any appellate courts, and the U.S. Trustee, and protecting the interests of the Debtors' estate before such courts and the U.S. Trustee; and

l. Performing all other necessary legal services and giving all other necessary legal advice to the Debtors in connection with the chapter 11 cases.

10. Subject to this Court's approval of the Application, Dentons US is willing to serve as counsel to the Debtors and to perform the services described above.

11. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Dentons US on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Dentons US. The current standard hourly rates of Dentons US's professionals are:

| | | |
|---|---|---|
| a. | Partners | $765.00 to $1,240.00 |
| b. | Of Counsel | $690.00 to $1,205.00 |
| c. | Associates | $605.00 to $725.00 |
| d. | Paralegals | $345.00 to $370.00 |

12. The hourly rates set forth above are Dentons US's restructuring group's standard hourly rates for work of this nature and level of experience. These rates are set at a level designed to fairly compensate Dentons US for the work of its attorneys and paraprofessionals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is Dentons US's policy to charge for all other expenses incurred in connection with client representations. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges,

document retrieval charges, color photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Dentons US believes that it is fairer to charge these types of expenses to the clients incurring them rather than spreading the expenses among all clients. Dentons US will charge the Debtors for such expenses in a manner and at rates consistent with those charged to other Dentons US clients and subject to the rules and requirements of this Court.

13. To the best of Debtors' knowledge, except as otherwise disclosed in the Maizel Declaration submitted concurrently herewith, Dentons US has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Further, to the best of the Debtors' knowledge, Dentons US does not hold or represent any interest adverse to the Debtors' estate, Dentons US is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and Dentons US's employment is necessary and in the best interests of the Debtors and their estates.

14. Dentons US may supplement the Maizel Declaration from time to time to disclose any such additional material contacts or relationships with significant parties as and if they become known.

15. Dentons US and certain of its partners, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtors in connection with matters unrelated to the Debtors and these chapter 11 cases. While Dentons US has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should Dentons US, through its continuing efforts or as these chapter 11 cases progress, learn of any new connections of the nature described above, Dentons US will so advise the Court.

16. By separate applications, the Debtors are seeking Court approval for the retention of: (a) Pachulski, Stang, Ziehl & Jones LLP ("Pachulski"), as bankruptcy co-counsel; and (b) Meru LLC to provide Kyle Sturgeon as Chief Restructuring Officer and any additional needed support personnel. The Debtors may also file motions or applications to employ additional professionals.

17. Each of the firms listed above works, and will continue to work, under the direction of the Debtors' board. The Debtors' directors and senior management are committed to minimizing duplication of services to reduce professional costs. To that end, Dentons US will work closely with these other professionals to ensure that there is no unnecessary duplication of effort or cost.

18. Dentons US has received payments in the form of a retainer from the Debtors during the year prior to the Petition Date in the amount of $358,072.06 in connection with its prepetition representation of the Debtors. Dentons US is current as of the Petition Date but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtors and utilized as Dentons US's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

19. The Debtors understand that Dentons US hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

20. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay Dentons US its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the

Maizel Declaration, and to reimburse Dentons US according to its customary reimbursement policies, and submits that such rates are reasonable.

21. The Debtors believe that employment of Dentons US is in the best interests of the Debtors, their estates, and their creditors.

## Notice

22. Notice of this Application shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition secured lenders; (c) the Debtors' largest unsecured creditors on a consolidated basis, and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: July 28, 2023

AGSPRING, LLC, *et al.*

By: */s/ Kyle Sturgeon*
Kyle Sturgeon
Chief Restructuring Officer