**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*,[1] | Case No. 23-10699 (CTG) |
| Debtors. | Jointly Administered |
| | **Ref Docket No. 24** |

**SUPPLEMENTAL DECLARATION OF LAURA DAVIS JONES IN SUPPORT OF DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

I, LAURA DAVIS JONES, ESQUIRE, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), located at 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, and I have been duly admitted to practice law in the State of Delaware, the United States District Court for the District of Delaware, the United States Court of Appeals for the Third Circuit, and the United States Supreme Court.

2. This supplemental declaration (the "Supplemental Declaration") is submitted in support of the *Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date* [Docket No. 24] (the "Application").[2]

3. This Supplemental Declaration is filed at the request of the Office of the United States Trustee ("UST") and supplements the *Declaration of Laura Davis Jones in Support*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

*of Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date* (the "Original Declaration") filed with the Application.

4. The Firm was engaged prior to the Petition Date to represent the Debtors. At the time of its engagement, the Firm began a full and thorough conflict review of potential parties in interest in these chapter 11 cases (the "Potential Parties in Interest"). A copy of the list of Potential Parties in Interest is attached hereto as **Exhibit 1**.

5. The Firm maintains an electronic client database of current and former clients to permit the electronic searching of all potential parties in interest in new cases for connections to the Firm's clients. The Firm searched this client database to determine whether it had any relationships with the Potential Parties in Interest listed on Exhibit 1.

6. To the best of my knowledge, and except as otherwise set forth herein, PSZ&J:

a. is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code;

b. does not hold or represent any interest adverse to the Debtors' estates; and

c. does not have any connection with any of the Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accounts, the U.S. Trustee, or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of Delaware or any person employed in the office of the same.

7. PSZ&J also solicited information regarding possible connections to the Debtors by firm-wide email and has determined that, except as otherwise set forth herein:

a. Neither PSZ&J nor any attorney at PSZ&J holds or represents an interest adverse to the Debtors' estates.

b. Neither PSZ&J nor any attorney at PSZ&J is or was a creditor or an insider of the Debtors, except that PSZ&J previously has rendered legal

services to the Debtors for which it has been compensated as disclosed in the Application.

c. Neither PSZ&J nor any attorney at PSZ&J is or was, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors.

d. PSZ&J does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of holding debt or equity securities of the Debtors, or any other direct or indirect relationship to, connection with, or interest in the Debtors specified in the foregoing paragraphs, or for any other reason.

8. PSZ&J has instituted and will continue to engage in further inquiries regarding the Debtors' constituencies and parties in interest through further inquiries of its partners, counsel, and associates with respect to the matters contained herein. PSZ&J will promptly file a supplemental declaration should the results of these inquiries reveal material facts not disclosed herein.

9. PSZ&J will continue to comply with its ongoing duty to notify this Court if any actual conflict arises, and if necessary to arrange for an "ethical wall" with respect to the PSZ&J attorney(s) who worked on the matter.

10. In view of the foregoing, I believe that PSZ&J is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

11. In addition to the $150,000 retainer received in connection with the preparation and prosecution of these cases, on May 5, 2023, the Firm received $9,435.77 in legal fees from the Debtors for legal services provided in connection with prepetition litigation.

12. The Firm's remaining disclosures in the Original Declaration, if any, remain true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 10, 2023

*/s/ Laura Davis Jones*
Laura Davis Jones