**Exhibit 2**

DOCS_DE:244218.1 01213/002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*,[1] | Case No. 23-10699 (CTG) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. —25 |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) RETAIN MERU, LLC TO PROVIDE THE DEBTORS WITH A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL STAFF AND (B) DESIGNATING KYLE STURGEON AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS, IN EACH CASE EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors") or entry of an order (this "Order") (i) authorizing the Debtors to (a) retain and employ MERU, LLC ("MERU") to provide the Debtors with a CRO and certain Additional Staff to assist the CRO effective as of the Petition Date, on the terms set forth in the Engagement Letter attached hereto as **Exhibit 1**, and (b) designate Kyle Sturgeon as the Debtors' CRO, in each case effective as of the Petition Date, and (b) granting related relief, all as more fully set forth in the Motion; and upon the Sturgeon Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.
DOCS_DE:243537.4 01213/002

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to (i) retain and employ MERU and (ii) designate Kyle Sturgeon as Chief Restructuring Officer, in each case effective as of the Petition Date.

3. The terms of the Engagement Letter, including without limitation the compensation provisions and the indemnification provisions, as modified by the Motion and this Order, are reasonable terms and conditions of employment and are hereby approved.

4. The Debtors are hereby authorized to retain MERU to provide the Debtors with a CRO, and certain Additional Staff to assist the CRO, and to designate Kyle Sturgeon as the Debtors' CRO, effective as of the Petition Date, on the terms and conditions set forth in the Motion and the Engagement Letter, as modified by this Order, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Motion or any exhibits related thereto to the contrary:

a) MERU and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned chapter 11 cases;

b) In the event the Debtors seek to have the Additional Staff assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of the Additional Staff, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

c) MERU shall file with the Court with copies to the United States Trustee ("U.S. Trustee") a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed. MERU shall file with the Court, and provide notice to the U.S. Trustee, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in ~~quarter~~0.1-hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in half-hourly increments.

Parties in interest shall have 14 days after the date each report is served to object to such report.  ~~In the event an objection is raised and not consensually resolved, the portion of the staffing report objected to~~All compensation shall be subject to review by the Court in the event an objection is filed.  No payments shall be made to MERU until the objection period has passed, and in the event an objection is raised, no payment shall be made to MERU on account of the portion of such staffing report objected to until such objection is resolved.

d) No principal, employee, or independent contractor of MERU and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned chapter 11 cases;

e) Success fees, transaction fees, or other back-end fees, if any, shall be approved by the Court at the conclusion of the cases on a reasonable standard basis and shall not be pre-approved ~~under section 328(a) of the Bankruptcy Code~~by entry of this Order.  No success fee or back-end fee shall be sought upon conversion of the chapter 11 cases, dismissal of the chapter 11 cases for cause, or the appointment of a trustee;

f) For a period of three years after the conclusion of the engagement, neither MERU nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors;

g) MERU shall disclose any and all facts that may have a bearing on whether MERU, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other

reason. The obligation to disclose identified in this subparagraph is a continuing obligation;

h) The Debtors are permitted to indemnify those persons serving as executive officers (including the CRO) on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' director and officer liability insurance policies;

i) There shall be no ~~other~~ indemnification of MERU or its affiliates;

j) Notwithstanding the Engagement Letter:

  i. any controversy or claim with respect to, in connection with, arising out of, or in any way related to the Motion or the services provided by the CRO or Additional Staff to the Debtors as outlined in the Motion, including any matter involving a successor in interest or agent of any of the Debtors or of MERU, shall be brought in this Court;

  ii. MERU, the Debtors, and any and all of their successors and assigns, consent to the jurisdiction and venue of the Court as the exclusive forum for the resolution of MERU's and the Debtors' claims, causes of actions, or lawsuits described above (unless the Court does not have or retain jurisdiction over such claims or controversies);

  iii. MERU and the Debtors, and any and all successors and assigns, waive trial by jury, such waiver being informed and freely made; and

  iv. MERU and the Debtors will not raise or assert any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court to hear or determine any controversy or claims with respect to, in

connection with, arising out of, or in any way related to the Motion or the services provided thereunder.

5. The limitation of liability set forth in paragraph 11 of the General Terms and Conditions of the Engagement Letter shall not apply.

6. Notice of the Motion as provided therein is deemed to be good and sufficient notice of such Motion, and the requirements of the Local Rules are satisfied by the contents of the Motion.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. MERU shall use its reasonable efforts to avoid unnecessary duplication of services provided by any other professionals retained by the Debtors.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. To the extent that there may be any inconsistency between the terms of the Motion, the Engagement Letter, and this Order, the terms of this Order shall govern.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

# Exhibit 1 to Order - Engagement Letter

Document comparison by Workshare Compare on Sunday, August 13, 2023 1:05:14 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/243537/3 |
| Description | DOCS_DE-#243537-v3-Agspring_II:_Motion_to_appoint_Meru_and_Sturgeon_as_CRO |
| Document 2 ID | PowerDocs://DOCS_DE/243537/4 |
| Description | DOCS_DE-#243537-v4-Agspring_II:_Motion_to_appoint_Meru_and_Sturgeon_as_CRO |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 6 |
| Moved from | 1 |
| Moved to | 1 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 16 |