**Exhibit B**

DOCS_DE:244275.1 01213/002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*,[1] | Case No. 23-10699-CTG |
| | Jointly Administered |
| Debtors. | **Ref Docket No. 54** |

**ORDER (A) AUTHORIZING THE MAINTENANCE AND CLOSURE OF CERTAIN ACCOUNTS AND CONTINUED USE OF EXISTING CHECKS, (B) AUTHORIZING THE CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, AND (C) GRANTING LIMITED RELIEF FROM THE REQUIREMENTS OF BANKRUPTCY CODE SECTION 345(B)**

Upon the *Motion of the Debtors for Entry of an Order (A) Authorizing the Maintenance and Closure of Certain Accounts and Continued Use of Existing Checks, (B) Authorizing the Continued Use of Existing Cash Management System, and (C) Granting Limited Relief from the Requirements of Bankruptcy Code Section 345(b)* (the "Motion")[2] and upon the Declaration of Kyle Sturgeon; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

US_ACTIVE\123747751\V-8

and 1409; and it appearing that sufficient notice of the Motion has been given; and good and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that the Debtors are authorized, but not directed, to maintain and use their existing Cash Management System, as more fully set forth in the Motion; and it is further

ORDERED that the Debtors are authorized but not required to close some of the Bank Accounts and transfer or deposit funds held in any closed Bank Account into the Main Account and to withdraw funds from the Main Account by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, and other debits, provided, however, that the Debtors shall give the Office of the United States Trustee for Region 3 ("U.S. Trustee") fifteen (15) days' notice prior to opening or closing a Bank Account; and it is further

ORDERED that any new Bank Accounts must be opened at banks that have executed a Uniform Depository Agreement ("UDA") with the U.S. Trustee; and it is further

ORDERED that upon entry of this Order, the Debtors shall immediately: (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers, (c) identify each of their bank accounts held at such UDA banks as being held by a debtor in possession in a bankruptcy case and provide the case number, and (d) serve a copy of this Order on the bank; and it is further

ORDERED that the Debtors are authorized to continue to use their pre-printed checks, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtor-in- possession status; and it is further

ORDERED that any bank maintaining the Bank Accounts is hereby authorized and directed to continue to service and administer the Bank Accounts and the Main Account of the Debtors as provided herein and in the Motion without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn by the holders or makers thereof, provided that nothing contained herein shall authorize the honor of any check issued or dated prior to the date of the commencement of this case, except as otherwise provided by further order of this Court.  In no event shall any such bank, however, be required to honor overdrafts or to pay any check, wire or other debit against any of the Bank Accounts that is drawn against uncollected funds; and it is further

ORDERED that the Debtors may continue to pay, and any bank that maintains Bank Accounts may continue to charge and collect, all customary and usual prepetition and postpetition fees arising from or related to the Bank Accounts; and it is further

ORDERED that subject to Bankruptcy Code section 553, any bank that maintains the Bank Accounts is prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in Bankruptcy Code section 101(5) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court; and it is further

ORDERED that nothing contained herein shall permit any bank to terminate any services that comprise the Cash Management System without thirty (30) days prior written notice to the Debtor, the UST, and any official committee appointed in this Chapter 11 Case; and it is further

ORDERED that in connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain detailed records in the ordinary course of business with respect to all transfers so that all transactions (including any intercompany

transactions) may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions; and it is further

ORDERED that nothing herein authorizes the Debtors to make transfers or loans to non-debtor affiliates absent further order of the court; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

5

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Document comparison by Workshare Compare on Wednesday, August 16, 2023 11:19:19 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/244008/2 |
| Description | DOCS_DE-#244008-v2-Agspring_II_-_cash_management_motion |
| Document 2 ID | PowerDocs://DOCS_DE/244008/5 |
| Description | DOCS_DE-#244008-v5-Agspring_II_-_cash_management_motion |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 4 |
| Deletions | 0 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 4 |