IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **AGSPRING**, **LLC**, *et al.*,[1] | Case No. 23-10699-CTG |
| Debtors. | Jointly Administered |

**FINAL ORDER (1) APPROVING STIPULATION AUTHORIZING USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Agspring LLC ("Agspring") and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order approving the stipulation attached hereto as **Exhibit 1** (the "Stipulation") authorizing the Debtors' use of Cash Collateral and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. The Motion is GRANTED, and the Stipulation is approved on a final basis and has the force and effect of an order of this Court.

2. Notwithstanding anything contrary in an applicable deposit account control agreement, the Debtors are authorized to use Cash Collateral to fund postpetition expenses.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

2

3. The Replacement Liens and Superpriority Claim provided in the Stipulation are subject to the Committee Challenge Deadline set forth in paragraph 17 of the Stipulation.

4. The reference to the U.S. Trustee guidelines is deemed deleted from paragraph 6 of the Stipulation.

5. Notwithstanding the Committee Challenge Deadline set forth in paragraph 17 of the Stipulation, if a chapter 7 or chapter 11 trustee is appointed during the investigation period, such chapter 7 or chapter 11 trustee shall be deemed to be a party-in-interest other than the Debtors and shall have at least thirty (30) days after his/her appointment to challenge the amount, validity, enforceability, priority or extent of the Pre-Petition Indebtedness or the Agent's security interests in and liens upon the Collateral, or otherwise assert any claims or causes of action against the Agent or the Lenders on behalf of the Debtors' estates.

6. The Agent and the Lenders credit-bid rights set forth in paragraph 20 of the Stipulation are subject to the Committee Challenge Deadline set forth in paragraph 17 and 11 U.S.C. § 363(k).

7. The listing of United States Trustee fees in the Budget shall not constitute a cap on the amount of payable United States Trustee Fees.

8. To the extent any terms of the Stipulation are inconsistent with this Order, the terms of this Order shall control.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 17th, 2023
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

124642163\V-4