## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*, [1] | Case No. 23-10699 (CTG) |
| | (Jointly Administered) |
| Debtors. | |

Objection Deadline: October 13, 2023 at 4:00 p.m. (ET)
Hearing Date:  TBD

## MOTION OF THE DEBTORS TO EXTEND THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as

**Exhibit A**, extending the periods established in sections 1121(c)(2), 1121(c)(3), and 1121(d) of

title 11 of the United States Code (the "Bankruptcy Code") within which only the Debtors may

file a plan and solicit acceptances of the plan (the "Exclusivity Periods") by a period of

approximately 120 days[2].  In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2]   The Debtors note that they have filed this Motion prior to the expiration of the current deadline for the Exclusivity Periods that would otherwise expire on September 28, 2023—*i.e.*, 120 days following the Petition Date (defined herein below). Pursuant to rule 9006-2, of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Accordingly, Local Rule 9006-2 automatically extends the Filing Exclusivity Period pending the Court's hearing to consider the relief requested by this Motion.

District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3.      The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

### Background

4.      On May 31, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases and no committee has been formed.

5.      Factual background regarding the Debtors, including the events precipitating their chapter 11 filings, is set forth in the *Declaration of Kyle Sturgeon in Support of Chapter 11 Petitions* [Docket No. 3], filed on the Petition Date and incorporated herein by reference.

**Debtors' Post-Filing Actions**

6.      Since the Petition Date, the Debtors have, among other things:

- promptly completed and filed their schedules of assets and liabilities and statements of financial affairs;

- conducted and concluded the meeting of creditors pursuant to section 341 of the Bankruptcy Code; and

- obtained final approval for consensual use of cash.

**Relief Requested**

7.      By this Motion, the Debtors respectfully request that this Court, pursuant to section 1121(d) of the Bankruptcy Code, extend the Exclusivity Periods for filing a plan by approximately 120 days through and including January 26, 2024, and through and including March 27, 2024, for soliciting acceptances of such plan.  The current deadline (a) for which only the Debtors may file a plan is September 28, 2023 and (b) for which only the Debtors may solicit acceptances of such plan is November 28, 2023.

**Basis for Relief Requested**

8.      Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Exclusivity Periods "for cause" after notice and hearing.  Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement."  H.R. Rep. No. 95 95th Cong., 1st Sess. 232 (1997), *see also In re McLean Indus., Inc.,* 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978, U.S.C.C.A.N. 5963, 6190) and *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent. . . [is] to promote maximum flexibility.")).

9.      To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and

3

non-financial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

10.     The decision to extend a debtor's exclusive period is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each particular case.  *See, e.g., First American Bank of New York v. Southwest Gloves & Safety Equip., Inc.,* 64 B.R. 963, 965 (D. Del. 1986).  Courts examine a number of factors to determine whether "cause" exists to extend the Exclusivity Periods.  These factors include the following:

a.     the size and complexity of the case;

b.     the existence of good faith progress;

c.     the necessity of sufficient time to negotiate and prepare adequate information;

d.     whether creditors are prejudiced by the extension;

e.     whether the debtor is paying its debts as they become due;

f.     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

g.     whether the debtor has made progress negotiating with creditors;

h.     the length of time a case had been pending;

i.     whether the debtor is seeking an extension to pressure creditors; and

j.     whether or not unresolved contingencies exist.

*See McLean Indus.*, 87 B.R. at 834.

### Cause Exists for an Extension of the Debtors' Exclusivity Periods

11.     The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein.  Each of the relevant factors either weighs in favor of an extension of the Exclusivity Periods or is neutral, as follows:

4

12.     *Size and Complexity of the Case.*  While these chapter 11 cases are not overly large, the Debtors have limited personnel providing services to them as part time contractors and therefor need additional time to address plan issues and to resolve claims.

13.     *The Debtors Have Made Good Faith Progress Towards Exiting Chapter 11.* Since the Petition Date, the Debtors have already satisfied key milestones necessary for the successful resolution of these chapter 11 cases, including completion and filing of their schedules and statements and obtaining the consensual use of cash collateral.

14.     *An Extension of the Exclusivity Periods Will Not Prejudice Creditors.*  The Debtors are requesting an extension of the Exclusivity Periods to focus their time and energy on ultimately confirming a plan in these cases.  Continued exclusivity will permit the Debtors the ability to maintain flexibility in crafting an appropriate plan.  All of the Debtors' stakeholders will benefit from the Debtors' focused efforts to maximize the value of the Debtors' estates at this time.  The Debtors' secured lenders have no objection to the extension requested in this Motion.

15.     *These Cases are Less than Four Months Old.*  The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes fewer than four months after the Petition Date.

16.     *An Extension Will Not Pressure Creditors.*  The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders.  The Debtors are requesting an extension of the Exclusivity Periods to focus their time and energy on ultimately confirming a fair and equitable plan.  All creditor groups or their advisors have had an opportunity to actively participate in substantive discussions with the Debtors throughout these chapter 11 cases.

17.     An objective analysis of the relevant factors demonstrates that the Debtors are doing everything necessary to facilitate a successful conclusion to these chapter 11 cases. Further, courts in this jurisdiction have granted similar relief. *See, e.g.*, *In re MobiTV, Inc.*, No. 21-10457 (LSS) (Docket No. 382) (Bankr. D. Del. July 8, 2021); *In re GCS Limited*, No. 19-12031 (CSS) (Docket No. 328) (Bankr. D. Del. Mar. 23, 2020); *In re Venoco, LLC*, No. 17-10828 (KG) (Bankr. D. Del. Jan. 8, 2018) (Docket No. 764) (granting 120-day extension); *In re Aquion Energy, Inc.,* No. 17-10500 (KJC) (Bankr. D. Del. Nov. 21, 2017) (Docket No. 437) (granting 90-day extension); *In re Lily Robotics, Inc*., No. 17-10426 (KJC) (Docket No. 609) (Bankr. D. Del. Oct. 24, 2017).[3]  Accordingly, the Debtors respectfully submit that sufficient cause exists to extend the Exclusivity Periods as provided herein.

## Notice

18.     Notice of this Motion shall be given on the date hereof to the following parties, or their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors' secured lenders; (c) the Debtors' top twenty unsecured creditors on a consolidated basis; and (d) any party that has requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this or any other court, except as set forth herein.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto, extending the Exclusivity Periods for filing a plan through and including January

---

[3] The Debtors can provide copies of unreported orders upon request.

26, 2024, and through and including March 27, 2024, for soliciting acceptances of a plan, and for such other and further relief as this Court deems appropriate.

Dated: September 27, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/    Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com


and

DENTONS US LLP
Samuel R. Maizel
Tania M. Moyron
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email:  Samuel.maizel@dentons.com
              Tania.Moyron@dentons.com

*Proposed Counsel to the Debtors and Debtors in Possession*