**Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **AGSPRING, LLC,** *et al.*,[1] | Case No. 23-bk-10699 (CTG) |
| | Jointly Administered |
| Debtors. | |
| | Ref. Docket No. 53 |

**ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF DENTONS US LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Dentons US LLP as Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Application") of the above-captioned debtors and debtors in possession (the "Debtors") seeking authorization to employ and retain Dentons US LLP ("Dentons US" or the "Firm") as counsel for the Debtors; and upon (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure* (the "Statement"), (ii) the Maizel Declaration, and (iii) the Sturgeon Declaration [Docket 3]; and the Court being satisfied, based on the representations made in the Application, the Statement and the Maizel Declaration and the Sturgeon Declaration, that Dentons US does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

1107(b) of the Bankruptcy Code, and that the employment of Dentons US is necessary and in the best interests of the Debtors and the Debtors' estates; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing; it is hereby:

ORDERED that the Application is GRANTED as provided herein; and it is further

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain the Firm as counsel, effective as of the Petition Date, on the terms set forth in the Application, the Statement, the Maizel Declaration, and the Sturgeon Declaration; and it is further

ORDERED that the Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court; and it is further

ORDERED that the Firm shall reduce the amount of any fees requested by the amount of $45,000;

DOCS_DE:244003.3 01213/002

ORDERED that Dentons US shall use its reasonable efforts and coordinate with the Debtors and their other professionals to avoid the duplication of services provided by other professionals retained by the Debtors in these chapter 11 cases; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Application, the Maizel Declaration, the Sturgeon Declaration, the Engagement Agreement and this Order, the terms of this Order shall govern; and it is further

ORDERED that the Debtors and Dentons US are authorized to take such other action as is reasonably necessary to comply with all of the duties set forth in the Application and this Order; and it is further

ORDERED that the Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order; and it is further

ORDERED that, notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.