## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGSPRING, LLC, *et al.*, [1] | Case No. 23-10699 (CTG) |
| | (Jointly Administered) |
| Debtors. | **Re Docket No. 114** |

**ORDER: (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE; (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS; (III) SETTING A BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS; (IV) ESTABLISHING AN AMENDED SCHEDULES BAR DATE AND A REJECTION DAMAGES BAR DATE; (V) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM; (VI) APPROVING A NOTICE OF BAR DATES; AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these Chapter 11 Cases; (b) establishing the Governmental Bar Date; (c) establishing the Administrative Claims Bar Date; (d) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date; (e) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment; (f) approving notice of the Bar Dates; (g) approving the proposed form of publication notice; and (h) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Agspring, LLC (7735); Agspring Idaho 1 LLC (1720); Agspring Idaho LLC (8754); FO-ND LLC, dba Firebrand Artisan Mills (1520); Agspring Logistics LLC, dba Agforce (6067); and Agspring Idaho 2 LLC (9262). The Debtors' mailing address is 5101 College Boulevard, Leawood, KS 66211.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

## I.      The Bar Dates and Procedures for Filing Proofs of Claim and Administrative Claims

2.      Each person or entity[3] that asserts a claim against the Debtors that arose or is deemed to have arisen before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim") substantially in the form of Official Form 410.[4]   Except in the cases of

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]    Copies of Official Form 410 may be obtained by visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

governmental units and certain other exceptions explicitly set forth herein, **all Proofs of Claim must be filed so that they are actually received on or before January 19, 2024, at 5:00 p.m. (prevailing Eastern Time) (the "Claims Bar Date") at the addresses and in the form set forth herein.** The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Order.

3.      Subject to Local Rule 3002-1, all governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, **so they are actually received on or before January 19, 2024, at 5:00 p.m. (prevailing Eastern Time) (the "Governmental Bar Date," and together with the Claims Bar Date, the "Bar Date" or "Bar Dates," as may be applicable) at the addresses and in the form set forth herein.**

4.      All parties asserting a request for payment of Administrative Claims arising or deemed to be arisen on or prior to January 1, 2024, but excluding claims for fees and expenses of professionals retained in these Chapter 11 Cases and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file a request for payment of such Administrative Claim with the Court and, if desired, a notice of hearing on such Administrative Claim[5] **so that**

---

[5]      Administrative Claims filed without a notice of hearing shall not be scheduled for hearing.

**the Administrative Claim is actually filed with the Court on or before January 19, 2024, at 5:00 p.m. (prevailing Eastern Time) (the "Administrative Claims Bar Date")**.

5.       If the Debtors file a previously unfiled Schedule or amend or supplement the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any filing, amendment, or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of:  (a) the Claims Bar Date or the Governmental Bar Date, as applicable; or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is **twenty-one (21) days** from the date the notice of the filing, amendment, or supplement is given (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

6.       Unless otherwise ordered, all persons or entities asserting claims arising from the rejection of executory contracts or unexpired leases of the Debtors shall file a Proof of Claim on account of such rejection by the later of:  (a) the Claims Bar Date; (b) 5:00 p.m. (prevailing Eastern Time) on the date that is **twenty-one (21) days** following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) any date that the Court may fix in the applicable order approving such rejection (the "Rejection Damages Bar Date").

7.       All Proofs of Claim must be filed so as to be actually received by the Clerk of Court on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein).  In addition, all Administrative Claims arising or deemed to be arisen on or prior to the Administrative Claims Deadline must be filed with the Court so as to be actually received by the Court by the Administrative Claims Bar Date.  If Proofs of Claim and such Administrative Claims are not received by the Clerk of Court on or before the

Claims Bar Date, the Governmental Bar Date, or the Administrative Claims Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be precluded from voting on any plans filed in these Chapter 11 Cases or receiving distributions from the Debtors on account of such claims in these Chapter 11 Cases.

## II.    Parties Exempted from the Bar Date

8.    The following categories of claimants shall not be required to file a Proof of Claim or Administrative Claim arising or deemed to be arisen on or prior to the Administrative Claims Deadline by the applicable Bar Date:

a.    any person or entity who has already filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court in a form substantially similar to Official Form 410;

b.    any person or entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated"; (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any person or entity whose claim has previously been allowed by order of the Court;

d.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any Debtor having a claim against another Debtor;

f.    any person or entity holding a claim for which a separate deadline is fixed by this Court;

g.    any person or entity holding a claim for fees and expenses of professionals retained in these Chapter 11 Cases; and

h.    claims of the U.S. Trustee for quarterly fees.

### III.    Substantive Requirements of Proofs of Claim

9.      The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      ***Contents***.  Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.      ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor will be deemed as filed only against Agspring, LLC.

d.      ***Claim Against Multiple Debtor Entities***.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent that more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

e.      ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent shall be required to transmit such writings to the Debtors' counsel upon request no later than ten (10) days from the date of such request.

a.      Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by the Clerk of Court

on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either (1) electronically through the interface available at http://www.deb.uscourts.gov/claims-information or (2) by first class, overnight U.S. mail, or by other hand delivery system at the following address:

**United States Bankruptcy Court**
**Attn:  Claims**
**824 Market Street, 3rd Floor**
**Wilmington, DE 19801**

## IV.     Identification of Known Creditors

10.     The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## V.     Procedures for Providing Notice of the Bar Date

### A.     Mailing of Bar Date Notices

11.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form attached to the Motion as Exhibit C (the "Bar Date Notice") and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first-class mail, no later than three (3) business days after the entry of this Order, to the following entities:

a.     the U.S. Trustee;

b.     any counsel to an official committee appointed in this chapter 11 case;

c.     all known creditors and other known holders of claims against the Debtors, including all entities listed in the Schedules as holding claims against the Debtors;

d.     all entities that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

e.      all entities that have filed proofs of claim in these Chapter 11 Cases as of the date of the Bar Date Order;

f.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered (whose Bar Date Package shall not contain a Proof of Claim Form);

g.      all known entities who are parties to executory contracts and unexpired leases with the Debtors;

h.      all known entities who are parties to litigation with the Debtors;

i.      all persons and entities known by the Debtors to have asserted any lien, claim, interest, or encumbrance against the Debtors' assets;

j.      all current and former employees of the Debtors from the past two years (to the extent that the contact information for former employees is available in the Debtors' records);

k.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

l.      all applicable federal, state, and local taxing authorities;

m.      the United States Environmental Protection Agency;

n.      the Office of the Attorney General for the State of Delaware;

o.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

p.      the District Director of the Internal Revenue Service for the District of Delaware;

q.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

r.      the United States Attorney's Office for the District of Delaware;

s.      the Securities and Exchange Commission; and

t.      all parties requesting notice pursuant to Bankruptcy Rule 2002.

12.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on

behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to twenty-one (21) days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B.      Publication of Bar Date Notice**

13.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication in substantially the form attached to the Motion as <u>Exhibit D</u> (the "<u>Publication Notice</u>"), on one occasion in the national edition of *The New York Times* or other paper of similar national circulation as soon as reasonably practical after the entry of this Order.

14.     Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**VI.      Consequences of Failure to File a Proof of Claim or Administrative Claim**

15.     Any person or entity who is required, but fails, to file a Proof of Claim or an Administrative Claim arising or deemed to be arisen on or prior to the Administrative Claims Deadline in accordance with the Bar Date Order on or before the applicable Bar Date shall not be

treated as a creditor with respect to such claim for purposes of voting and distribution. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on Schedule E/F of the Schedules as not contingent, not disputed, or not liquidated.

16.     Any person or entity who is required, but fails, to file a Proof of Claim or an Administrative Claim arising or deemed to be arisen on or prior to the Administrative Claim Deadline in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan filed in these Chapter 11 Cases, participating in any distribution in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

17.     Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## VII.    Miscellaneous

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20.   The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

21.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 28th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**